UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JERMAINE C. ATKINS,                  )
                                      )
            Petitioner,              )
                                      )
      v.                             )    No.  4:06CV1549 HEA
                                      )                  (FRB)
JAMES PURKETT,[1]                    )
                                      )
            Respondent.              )

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Missouri state prisoner Jermaine C. Atkins' pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for appropriate disposition.

On July 1, 2004, petitioner pled guilty in the Circuit Court of the City of St. Louis, Missouri, to Statutory Rape First Degree (Count I) and Possession of Marijuana Under 35 Grams (Count II). Petitioner was sentenced that same date to concurrent terms of ten years' and nine months' imprisonment, respectively. Inasmuch as the court considered the nine-month sentence to be time-served, petitioner was discharged on Count II. (Resp. Exh. 1

---

[1]Petitioner is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. Inasmuch as Steve Larkins is the Warden of ERDCC, he should be substituted for James Purkett as proper party respondent. Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

at 20-42, 43-45.) Petitioner then filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, which was denied without an evidentiary hearing. (Id. at 46-51, 54-63, 73-77.) The Missouri Court of Appeals affirmed the denial of petitioner's motion for post-conviction relief. (Resp. Exh. 4.)

In the instant petition for writ of habeas corpus, petitioner claims that his plea counsel was ineffective by failing to properly investigate the facts surrounding the charged offense of statutory rape, and that such investigation would have demonstrated petitioner's innocence. Specifically, petitioner contends that counsel was aware that medical records depicted different results than what petitioner was led to believe, that the medical records did not support the charge of statutory rape against petitioner, and that, despite this knowledge, counsel did not properly conduct an investigation into the facts of the case. Petitioner argues, therefore, that his plea of guilty upon counsel's advice was involuntary, and that he would have demanded a jury trial had counsel properly investigated the case. In response, respondent contends that petitioner's claim is without merit and should be denied.

### I.  Exhaustion Analysis

A petitioner must exhaust his state law remedies before the federal court can grant relief on the merits of his claims in a habeas petition. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel,

526 U.S. 838, 842 (1999). The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988); see also Boerckel, 526 U.S. at 848. If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Smittie, 843 F.2d at 296. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the alleged unconstitutional error, or that a fundamental miscarriage of justice would occur if the Court were not to address the claims. Coleman v. Thompson, 501 U.S. 722 (1991); Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir. 1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989). Before reviewing any claims raised in a habeas petition, the Court may require that every ground advanced by the petitioner survive this exhaustion analysis. Rhines v. Weber, 544 U.S. 269 (2005).

Respondent contends that petitioner has exhausted his available state remedies, and a review of the record demonstrates exhaustion inasmuch as the claim has been raised at every step of

the judicial process in state court and was addressed on its merits by the state court rendering final judgment in the cause.

## II. Merits of the Claim

Petitioner claims that ineffective assistance of counsel rendered his guilty plea involuntary, inasmuch as counsel failed to properly investigate the facts surrounding the alleged offense of statutory rape despite his knowledge that relevant medical records did not support the charge against petitioner. A review of the record shows petitioner to have raised this claim in his Rule 24.035 motion for post-conviction relief and on appeal of the denial of the motion.[2] Upon review of the merits of petitioner's claim, the Missouri Court of Appeals denied petitioner relief. (Resp. Exh. 4.)

Section 2254(d)(1) requires federal habeas courts to test the determinations of state courts "only against 'clearly established Federal law, as determined by the Supreme Court of the United States,'" and prohibits the issuance of a writ of habeas corpus "unless the state court's decision is 'contrary to, or involved an unreasonable application of,' that clearly established law." <u>Williams v. Taylor</u>, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time petitioner's state

---

[2]In his post-conviction motion and on appeal of its denial, petitioner identified witnesses whom he claims counsel should have, but failed to interview in relation to the charge of statutory rape. (Resp. Exh. 1 at 59, Exh. 2 at 13.)

conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court.  Id. at 380-83.

A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or different than the Court's conclusion on a set of materially indistinguishable facts. Williams, 529 U.S. at 412-13; Carter v. Kemna, 255 F.3d 589, 591 (8th Cir. 2001).  A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply. Carter, 255 F.3d at 592 (citing Williams, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect."  Id. (quoting Williams, 529 U.S. at 410-11).

At the time petitioner's conviction became final, the law was clearly established that a habeas petitioner who has pled guilty upon the advice of counsel may challenge the voluntariness of that plea through a claim of ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 56-57 (1985).  The petitioner must show that his attorney's performance was not within the range of competence demanded of attorneys in criminal cases.  Id.  The standard to be applied in assessing counsel's performance is that set out in Strickland v. Washington, 466 U.S. 668 (1984).  Hill, 474 U.S. at 57.  Strickland requires that the petitioner show that

counsel's representation fell below an "objective standard of reasonableness" and that petitioner was prejudiced as a result. Strickland, 466 U.S. at 687-88, 694. To demonstrate prejudice in the context of a guilty plea, petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill, 474 U.S. at 58-59; Witherspoon v. Purkett, 210 F.3d 901, 903 (8th Cir. 2000). In the context of a claim of failure to investigate, a petitioner can establish prejudice by showing that the discovery of evidence would have caused counsel to change his recommendation as to the plea offer. Witherspoon, 210 F.3d at 903 (citing Hill, 474 U.S. at 59). This assessment depends largely "'on a prediction whether the evidence likely would have changed the outcome of a trial.'" Id. at 903-04 (quoting Hill, 474 U.S. at 59).

On post-conviction appeal, the Missouri Court of Appeals identified the Hill and Strickland standards for claims of ineffective assistance of plea counsel and determined the record to show there to be no basis for finding that counsel was ineffective. In making this determination, the court of appeals summarized the relevant facts underlying the case as follows:

> Movant was charged with one count of first-degree statutory rape after the police found him in bed with twelve year old S.D. on May 24, 2003. S.D. told police that on the evening of May 23, 2003, she and a friend,

> L.C., had been walking on Grand Avenue when they met Movant and another man. S.D. and L.C. agreed to go with the two men to a house on Connecticut. The four of them went into a bedroom to talk and drink beer. S.D. told police that she and Movant went to sleep on a mattress Movant put on the floor.
>
> Early on May 24, 2003, the owner of the house gave police permission to search the house for drugs. When the police found S.D. and Movant asleep on the floor, they noticed two used condoms nearby. S.D. informed police that she was twelve years old and that she and Movant had had sexual intercourse. A laboratory performed DNA tests on the two used condoms found on the floor. There was no match to either Movant or S.D.

(Resp. Exh. 4, Memo. Suppl. Order at 3.)

With respect to petitioner's claim that counsel was ineffective in his failure to fully investigate the facts of the alleged offense despite his knowledge that DNA evidence did not support the charge against petitioner, the Missouri Court of Appeals focused on the colloquy between petitioner and the trial court at the time of petitioner's plea:

> During the plea proceedings, Movant informed the court that he understood the plea agreement, that he would receive a sentence of ten years in exchange for his guilty plea. After the prosecutor recited what the evidence against Movant would be if the case were to go to trial, Movant told the court that the statement was accurate as to what happened. Additionally, the court asked Movant if anyone had promised him anything to get him to plead guilty, other than what was set out in the plea agreement, and Movant answered "No, sir." The court also questioned Movant about

discussing his case with his lawyer. Movant responded affirmatively that he had told his lawyer all of the facts and circumstances surrounding the crimes with which he had been charged. Movant also agreed that he believed his lawyer had fully advised him as to all parts of his case, and had told him what all his legal rights were and what could happen to him as a result of his plea. Next, the following exchange took place:

> THE COURT: Has your lawyer refused to do anything you asked him to do?
>
> MOVANT: No, sir.
>
> THE COURT: Has he answered all of your questions?
>
> MOVANT: Yes, sir.
>
> THE COURT: Have you had enough time to talk about the case with your lawyer?
>
> MOVANT: Yes, sir.
>
> THE COURT: Do you have any complaints or criticisms about your lawyer?
>
> MOVANT: No, sir.
>
> THE COURT: Are you satisfied with his services?
>
> MOVANT: Yes, sir.
>
> THE COURT: Did he or anybody tell you to lie or withhold any facts from me in this hearing?
>
> MOVANT: No, sir.
>
> THE COURT: Do you know of any witnesses involved in this incident that your lawyer should have talked to before you came in here to plead guilty?
>
> MOVANT: No, sir.

>THE COURT:  Do you understand that you would be entitled to a trial by jury instead of pleading guilty?
>
>MOVANT:  Yes, sir.
>
>THE COURT:  Do you understand, in such a trial, you would be entitled to certain rights, including a jury of twelve people?
>
>MOVANT:  Yes, sir.
>
>THE COURT:  Do you understand you would be entitled to the services of [a] lawyer throughout the trial?
>
>MOVANT:  Yes, sir.
>
>THE COURT:  Do you understand that the jury would be instructed that your are presumed innocent?
>
>MOVANT:  Yes, sir.
>
>THE COURT:  Do you understand the State would be required to prove you guilty of these charges beyond a reasonable doubt and the jury would be so instructed?
>
>MOVANT:  Yes, sir.

There were several more questions about Movant's understanding of the judicial process to which he responded affirmatively.  The court also asked Movant whether he understood that the State would have to bring into open court all witnesses against him, and that his lawyer would have the right to cross-examine them; that he could present to the jury any evidence or witnesses that he wanted; that people could be forced to come to court and testify; and that by pleading guilty Movant was giving up all the rights discussed and that there would not be a trial.  Movant responded that he understood.  The court then asked, "Based on everything that you have said, are you admitting that you are guilty

>           voluntarily and of your own free will because
>           you are guilty as charged?" Movant answered,
>           "Yes, sir."

(Resp. Exh. 4, Memo. Suppl. Order at 5-8.)[3]

The court of appeals determined that this record of petitioner's testimony given in response to the trial court's questions directly refuted his allegations that counsel failed to adequately investigate the facts of the case, and further, that petitioner failed to identify what information could have been discovered and how such information would have helped his case. (Id. at 4.)[4] Such a determination is not contrary to nor an unreasonable application of clearly established federal law. See Blackledge v. Allison, 431 U.S. 63, 74 (1976) (contentions made subsequent to guilty plea that are wholly incredible in the face of the record are subject to summary dismissal). Indeed, when examining the prejudice prong as articulated under Hill, it would be difficult at best for a reviewing court to predict whether undiscovered evidence likely would have changed the outcome of a trial if the petitioner himself fails to identify such evidence.

In addition, a review of the record shows the trial court

---

[3] Inasmuch as petitioner does not rebut these factual findings by clear and convincing evidence, they are presumed to be correct. 28 U.S.C. § 2254(e)(1).

[4] The undersigned notes that when asked if he and his attorney talked about any witnesses, petitioner testified that there "wasn't any witness" and that he did not know of anyone whom he thought his attorney should have talked to but did not. (Resp. Exh. 1 at 37-38.)

to have found petitioner's plea of guilty to have been made freely and voluntarily with petitioner's understanding of the consequences of the plea, and thus the court accepted petitioner's plea. (Resp. Exh. 1 at 33.) Without specific factual allegations of coercion or inducement, a state court's finding that petitioner entered his plea voluntarily is entitled to a presumption of correctness. Weeks v. Bowersox, 106 F.3d 248, 251 (8th Cir. 1997); Tran v. Lockhart, 849 F.2d 1064, 1069 (8th Cir. 1988). Petitioner makes no such allegations here. Moreover, the petitioner's statements made in open court indicating that he understood what he was doing "'carry a strong presumption of verity.'" Porter v. Lockhart, 925 F.2d 1107, 1111 (8th Cir. 1991) (quoting Blackledge, 431 U.S. at 74).

The guilty plea is an important component of the criminal justice system. Blackledge, 431 U.S. at 71. A properly administered guilty plea can benefit all concerned, but such benefits "can be secured . . . only if dispositions by guilty plea are accorded a great measure of finality." Id. See also United States v. Timmreck, 441 U.S. 780, 784 (1979). Thus, once a person enters a guilty plea, any "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge, 431 U.S. at 74.

Based on the above, the state court's decision denying

petitioner relief is well based on law and fact.  This Court is unaware of any "clearly established Federal law, as determined by the Supreme Court of the United States" of which the court's decision runs afoul, nor has petitioner provided the Court with any such law.  As such, it cannot be said that the state court's adjudication of the instant claim "resulted in a decision that was contrary to, or involved an unreasonable application of," such clearly established federal law.  28 U.S.C. § 2254(d)(1).  Neither has petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  As such, the instant claim should be denied.  28 U.S.C. § 2254(d).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Steve Larkins be substituted for James Purkett as proper party respondent in the cause.

**IT IS FURTHER RECOMMENDED** that petitioner Jermaine C. Atkins' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) be dismissed without further proceedings.

**IT IS FURTHER RECOMMENDED** that no certificate of appealability be issued in this cause inasmuch as petitioner has failed to make a substantial showing that he has been denied a constitutional right.

The parties are advised that they have to and including **January 26, 2010,** by which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

                                                                            /s/ Frederick R. Buckles
                                                                            UNITED STATES MAGISTRATE JUDGE

Dated this  _12th_  day of January, 2010.